IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07–cv–01936–PAB–KMT

ELEST CARLOS MARQUEZ,

    Applicant,

v.

ARISTEDES W. ZAVARAS, Executive Director, Colorado Department of Corrections,
LOU ARCHULETA, Warden of the Arkansas Valley Correctional Facility, and
JOHN W. SUTHERS, the Attorney General of the State of Colorado,

    Respondents.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This case comes before the court on Petitioner's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Application") (Doc. No. 3, filed October 15, 2007). Pursuant to the Order of Reference dated November 14, 2007 (Doc. No. 7), this court has reviewed the Application, Respondents' Answer ("Answer") (Doc. No. 11, filed December 31, 2007), the pertinent parts of the state court record, the case file, and the applicable law, and is sufficiently advised to recommend that Petitioner's Application be DISMISSED WITH PREJUDICE.

## I. BACKGROUND

Petitioner was originally charged, on January 7, 2003, with one count of first degree murder (class 1 felony) pursuant to Colo. Rev. Stat. § 18-3-102(1)(a) (2002). (Answer, Ex. A at 1.) Subsequently, the prosecution added a count of attempted escape from a pending felony (class 5 felony) pursuant to Colo. Rev. Stat. § 18-8-208.1(2) (2002). (*Id.* at 1–2.) A jury convicted Marquez on October 3, 2003, of both counts. (03CR713, vol. 1 at 99–101; Tr. of Trial, Oct. 3, 2003, at 3.) Petitioner was sentenced to life without parole for the murder conviction, and a consecutive 4-year sentence for the attempted escape conviction. (*Id.*, vol. 1 at 103.)

The conviction was affirmed on direct appeal by the Colorado Court of Appeals ("CCA"). (Answer, Ex. D.) Following are the facts of the case as stated by the CCA in the Opinion affirming the case:

> Defendant and his wife experienced marital difficulties after his wife was involved in an extra-marital affair. The couple agreed to a trial separation, during which time defendant was to live in New York. Defendant's wife drove defendant to the airport, but defendant remained in Colorado after falsely informing his wife that he had arrived safely in New York.
> Two days later, defendant called his wife's cellular telephone more than thirty times during a period of three hours. At the time, defendant's wife was having dinner with another man (the victim). Although defendant's wife ignored most of his calls, she did speak to him at one point and informed him that she was out with some friends in downtown Denver.
> After retrieving her sport utility vehicle (SUV) from a valet parking service, defendant's wife left in the SUV along with the victim, who was driving, and another couple. The third-row seating area of the SUV was completely filled with clothing, sports equipment, and other miscellaneous items. Unbeknown to the occupants, defendant was hiding beneath the clutter.

> The victim had driven only a short distance when defendant sat up in the back row and began firing a handgun. The victim was struck five times and died from his wounds.
>
> Shortly thereafter, defendant was arrested at the scene. While in police custody, he attempted to flee.

(*Id.* at 1–2.)

The Colorado Supreme Court denied Marquez's petition for certiorari review on August 28, 2006. (*Id.*, Exs. E, F.) A mandate was issued on August 31, 2006. (*Id.*, Ex. G.)

Petitioner filed this federal habeas corpus application on October 15, 2007, asserting (1) the trial court violated his rights to present a defense and to due process of law by sustaining the prosecution's hearsay objection to statements made by the defendant to Marcus Dudley; and (2) the trial court violated his right to present a defense by excluding evidence that Petitioner had been abandoned by his mother from 1998 to 1990. (Application.)

## II.     LEGAL STANDARDS

### A.     Pro Se *Petitioner*

Petitioner is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a Petitioner can prove facts that have not been alleged, or that a

defendant has violated laws in ways that a Petitioner has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a Petitioner's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the Petitioner in the absence of any discussion of those issues"). The Petitioner's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B.    Title 28 U.S.C. § 2254

Pursuant to 28 U.S.C. § 2254(d), an application for writ of habeas corpus may be granted only if it is based on an underlying state court decision that (1) is "contrary to . . . clearly established Federal law, as determined by the Supreme Court, or (2) involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court." *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); *see also Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999). A decision is contrary to Federal law when it contradicts prior Supreme Court precedent and arrives at a conclusion that is "diametrically different" from that precedent. *Williams*, 529 U.S. at 406. A decision involves an unreasonable application of Federal law when it utilizes the correct legal principle but reaches an "objectively unreasonable" outcome based on the facts at issue. *Id.* at 409. However, the Court "may not issue the writ simply because [it concludes] in [its] independent judgment that the state court applied the law erroneously or incorrectly. Rather, [the Court] must be convinced that the application was also 'objectively

unreasonable.'" *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 566 n.4 (10th Cir. 2000), *overruled on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001).

In addition, a presumption of correctness exists regarding trial and appellate court findings of fact pursuant to this Court's habeas review. *Sumner v. Mata*, 455 U.S. 591, 592–93 (1982). As such, Petitioner bears the burden of rebutting this presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997). Federal courts must "face up to any disagreement as to the facts and to defer to the state court . . . ." *Sumner*, 455 U.S. at 597–98.

## IV.   *ONE-YEAR LIMITATION PERIOD FOR FILING APPLICATION FOR FEDERAL HABEAS RELIEF*

Respondents do not challenge the timeliness of the Application under the one-year limitation period set forth in 28 U.S.C. §2244(d)(1).

## V.   *EXHAUSTION OF CLAIMS IN STATE COURT AND PROCEDURAL DEFAULT*

A writ of habeas corpus may not be granted unless the applicant has exhausted his available state court remedies, with an exception for circumstances in which the existing remedies are not sufficient to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). Exhaustion requires that "the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Respondents state, and after review of the record and the claims made in this Application, the court agrees, that Petitioner has exhausted his state court remedies.

## VI.     *ANALYSIS ON THE MERITS*

Petitioner claims that the trial court erred in sustaining the prosecutor's hearsay objection to statements made by Petitioner to Marcus Dudley on the evening of the murder. (Application at 4–6.) Petitioner also claims that the trial court erred in excluding evidence that the defendant was abandoned by his mother from 1988 to 1990, where the evidence was related to his family history and state of mind on the evening of the murder. (Application at 6–8.) These claims are claims of error under state law. As such, they are not cognizable herein.

Federal courts do not have the authority to decide questions concerning the admissibility of evidence under state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Due process challenges to state evidentiary rulings are reviewed only for fundamental unfairness. *Matthews v. Price*, 83 F.3d 328, 331 (10th Cir. 1996). *See Donnelly v. DeChristoforo*, 416 U.S. 637 (1974); *Smallwood v. Gibson*, 191 F.3d 1257, 1275 (10th Cir. 1999); *Jackson v. Shanks*, 143 F.3d 1313, 1322 (10th Cir. 1998).

The trial court's rulings related to both issues were upheld by the CCA. As to the excluded hearsay testimony the CCA found as follows:

> Here, defendant's friend testified about a telephone conversation he had with defendant shortly before the shooting occurred. During cross-examination, defense counsel asked the friend whether, during that conversation, defendant had told him that his children "kept wanting him to do something to keep the family together?" When the prosecutor objected to the question on hearsay grounds, defense counsel informed the court he was not eliciting the testimony for the purpose of proving the truth of the matter asserted. The trial court sustained the objection.
> On appeal, defendant argues that the testimony was offered for the permissible purpose of proving that he "perceived an obligation to try to keep his family together." However, because of the manner in which defendant phrased

6

> the question, proof of that perception was dependent on the truth of the underlying assertion (i.e., that the children had in fact made statements urging him to do something to keep the family together). Accordingly, we do not perceive an abuse of discretion in the trial court's ruling. Moreover, we note that, through follow-up questioning of the witness, defendant was able to establish that he had expressed an interest in his children during the same phone conversation. Because we conclude the excluded evidence was hearsay, we reject defendant's derivative due process argument. See *People v.Scearce*, 87 P.3d 228, 233 (Colo. App. 2003)(a defendant's right to present a defense does not include the right to introduce inadmissible hearsay).

(Answer, Ex. D at 5–6.)

As to the excluded evidence regarding Petitioner's mother's abandonment of him, the CCA found as follows:

> Here, during the defense case, defendant's mother testified that she had abandoned defendant when he was a teenager, approximately fourteen years before the shooting occurred. When defense counsel asked defendant's mother whether she had moved away at that time, the prosecutor objected on relevancy grounds. Although defense counsel argued that the response was relevant to explain defendant's state of mind on the night of the shooting, the trial court sustained the objection.
>
> On appeal, defendant argues that the excluded evidence was relevant because his wife had testified that defendant's poor relationship with his mother was one of the factors that contributed to the deterioration of their marriage.
>
> To the extent that defendant's abandonment as a teenager had any relevance at all, we are satisfied that it was sufficiently established by his mother's testimony admitting that she had left him. Thus, we perceive no abuse of discretion in the trial court's determination that the details of that abandonment were not relevant. Further, we reject defendant's claim that the trial court's evidentiary ruling violated his rights of due process. *See People v.Watson*, 53 P.3d 707, 713 (Colo. App. 2001)("Because we reject defendant's claim that the trial court erred in its evidentiary rulings, we also reject his related claim that the improper admission of this evidence violated his due process right to a fair trial.")

(*Id.* at 7–8.)

As to both issues, the CCA held that decisions to exclude the evidence were matters properly within the discretion of the trial court. (*Id.* at 6 [citing *People v. Veren*, 140 P.3d 131, 134 (Colo. App. 2005)]; 7–8 [citing *People v. Durre*, 713 P.2d 1344 (Colo. App. 1985)].) In light of the evidence at trial, this court finds Petitioner has not met his burden of "rebutting the presumption of correctness [of a factual issue made by a State court] by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Nor has he demonstrated that the exclusion of the evidence rendered his trial fundamentally unfair.

WHEREFORE, for the foregoing reasons, this court respectfully

**RECOMMENDS** that the habeas corpus application be DENIED and the action be DISMISSED WITH PREJUDICE.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the

Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, Petitioners waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 14th day of January, 2010.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge